**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Anthony T. Masciana**
Email:  AMasciana@laborlawsny.com

December 24, 2025

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable James R. Cho
United States Magistrate Judge
United States Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

   Re: <u>Hannif Bryan v. Yakobowicz, *et al.*</u>
     <u>Case No.  1:24-cv-05126 (PKC)(JRC)</u>

Your Honor:

  This firm represents Defendants in the above-referenced matter. We write in furtherance of our conference with the Court on December 22, 2025, to respectfully request the issuance of an Order directing Plaintiff to provide sworn testimony as to whether he is authorized to work in the United States. We seek Plaintiff's testimony only as it relates solely to his retaliation claim, and to turn over responsive documents which were not previously disclosed prior to his deposition. Furthermore, Defendants respectfully request additional time in which to depose Plaintiff and a corresponding extension of the current discovery deadline from December 31, 2025 until January 30, 2026 for the limited purpose of continuing Plaintiff's deposition.

  On December 22, 2025, Plaintiff appeared virtually for his deposition in accordance with Your Honor's directive. During the examination, Plaintiff confirmed the existence of paystubs which were not previously turned over in discovery. As the Court may be aware, Defendants dispute whether Plaintiff worked for the two (2) Defendant Corporations named in this action. During his deposition, Plaintiff claims to have in his possession documents which purport to confirm that he worked for the named Defendants, but admitted that he did not turn them over in discovery. Accordingly, Defendants respectfully seek an Order requiring Plaintiff to produce the aforementioned categories of documents and to appear for his continued examination so as to allow Defendants an opportunity to examine Plaintiff on the aforementioned undisclosed documents. "The case law on extensions is fact specific, with some orders granting relief and others denying the request." *Carmody v. Vill. of Rockville Ctr.*, No. CV-05-4907 (SJF)(ETB), 2007 U.S. Dist. LEXIS 54736, at *7 (E.D.N.Y. July 27, 2007) (collecting cases). "[T]he decision whether or not to enlarge the amount of time for examination of a deponent is a factual decision, depending on the circumstances of the individual case." *Id.*, at *8-9 (internal citations omitted). Here, we believe our request is both appropriate and sufficiently limited to address only those issues which are

# Zabell & Collotta, P.C.
### EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 24, 2025
Page 2 of 3

central to this dispute. Furthermore, there exists no danger of duplicative questioning because there is only a single named Plaintiff in this action. Furthermore, Defendants seek to continue Plaintiff's deposition for a limited purpose and which would otherwise be unnecessary had Plaintiff honored his obligations in discovery and produced all responsive documents in his possession, custody, and control. We respectfully submit that Plaintiff should not be permitted to flout the governing local rules and Federal Rules of Civil Procedure.

Defendants also seek for Plaintiff to provide responses as to whether he is authorized to work within the United States. Defendants seek this information solely as it pertains to Plaintiff's claim of retaliation. Here, Plaintiff's ability to recover alleged lost wages in connection with his retaliation claim may be limited by his authorization to work within the United States. *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 122 S. Ct. 1275 (2002). It is for this limited purpose that Defendants seek testimony regarding Plaintiff's authorization to work in the United States. Under the Supreme Court's decision in *Hoffman Plastic Compounds, Inc.* backpay for individuals who are not authorized to work in the United States may be limited to the extent that Plaintiff can demonstrate his claim of retaliation. If Plaintiff was not able to lawfully earn wages during the period of time that covers his alleged lost wages, than Plaintiff is unable to recover potential lost wages for that period. *See NLRB v. Deep Distribs. of Greater N.Y.*, 740 F. App'x 216 (2d Cir. 2018); *See also Colon v. Major Perry St. Corp.*, 987 F. Supp. 2d 451 (S.D.N.Y. 2013). While Defendants recognize that there are limitations on the admissibility of this information at trial, those concerns need not be addressed at this time. Notwithstanding any potential admissibility issues, Defendants should be permitted to inquire into this topic during Plaintiff's continued deposition (or in the form of additional interrogatories) because Plaintiff's work authorization status is necessary to as to determine his eligibility for this specific form of damages. Moreover, because the issue is legal in nature, it may be addressed in pre and/or post-trial motion practice outside the presence of a jury. It is for this limited purpose that Defendants respectfully request the issuance of an Order requiring Plaintiff to provide responses as to his work authorization status.



December 24, 2025
Page 3 of 3

       Based upon the foregoing, Defendants respectfully request the issuance of an Order requiring Plaintiff to turn over any paystubs in his possession, custody, and control that pertain to the relevant period of this litigation, as well as any documents confirming Plaintiff's employment by the two (2) named corporations, and to provide responses regarding whether he is authorized to work in the United States. Defendants also respectfully request the issuance of an Order requiring Plaintiff to appear for his continued deposition on or before January 30, 2026. We thank Your Honor in advance for your attention to this matter and remain available should the Court require additional information in connection with this submission.

Very truly yours,

ZABELL & COLLOTTA, P.C.

Anthony T. Masciana

cc: Client
      All Counsel of Record (*via* Electronic Case Filing)