Counseling and Advising Clients Exclusively on Laws of the Workplace

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email:  SZabell@laborlawsny.com

July 29, 2026

**_VIA_ ELECTRONIC CASE FILING**

Magistrate Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>          **Re:**          **Hannif Bryan v. Yakobowicz, _et al._**
>                           **Case No.  1:24-cv-05126 (PKC)(JRC)**

Your Honor:

I write on behalf of Defendants in opposition to Plaintiff's July 28, 2026 letter request that the Court direct defense counsel to circulate a fully executed settlement agreement by July 31, 2026, and to respectfully request that the Court reconsider, or alternatively treat this submission as a renewed application regarding, my prior motion to be relieved as counsel.

Plaintiff's own submission confirms that the settlement papers have gone through multiple rounds of revision to address Defendants' requested changes. The current settlement papers reflect material defense-side revisions, including limiting default to non-payment, providing a ten-business-day cure period before enforcement, making payment contingent on court approval, requiring any enforcement proceeding to proceed in the Eastern District of New York, and including Plaintiff's tax responsibility and indemnification language.

Despite those efforts, the attorney-client relationship has continued to deteriorate to the point that I can no longer effectively represent my client through the remaining settlement and approval process. I have worked through multiple rounds of reviewing and revising Plaintiff's settlement agreement and proposed approval papers and have brought the settlement papers into a form I can recommend to my client, but the breakdown in the relationship has persisted and is now irreparable.

Under these circumstances, compelling current counsel to continue forward solely to "finish" the settlement process will not resolve the underlying problem. To the contrary, it will only prolong an unworkable representation and increase the likelihood of further motion practice and delay. The better course is to relieve present counsel, stay the matter briefly, and permit Defendants, including Mr. Yakobowicz, to obtain replacement counsel.

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

July 29, 2026
Page 2 of 2

I previously moved to be relieved and have already appeared in connection with that application. Since then, I have continued working to move the settlement documents to an acceptable form, but the relationship has not improved. In light of that history, I respectfully request that the Court determine this application on the papers and without requiring a further appearance. If the Court believes additional detail is necessary, I respectfully request leave to provide that information ex parte and in camera so as to avoid disclosing privileged or confidential attorney-client communications.

Accordingly, Defendants respectfully request that the Court: (1) deny Plaintiff's July 28, 2026 request to compel present defense counsel to circulate settlement papers for execution at this time; (2) reconsider and grant, or alternatively grant upon renewal, counsel's motion to be relieved; (3) excuse further appearance on that application; and (4) stay proceedings for a reasonable period to permit Defendants and Mr. Yakobowicz to obtain replacement counsel.

Very truly yours,

**ZABELL & COLLOTTA, P.C.**


Saul D. Zabell
SDZ/ms

cc:      Client